UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIFFANY LANIER, as
Personal Representative of the
Estate of Zachariah Jalyn Lewis,

    Plaintiff,
v.                                    Case No.: _____

Haier U.S. Appliance Solutions Inc.,
General Electric

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Haier U.S. Appliance Solutions, Inc., dba GE Appliances, incorrectly named as Haier U.S. Appliances Solutions Inc., General Electric, ("Haier"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. In support of its removal, Haier states as follows:

### BACKGROUND

1. On or about May 4, 2022, Plaintiff Tiffany Lanier ("Plaintiff") filed a Wrongful Death Complaint in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, captioned TIFFANY LANIER, as Personal Representative of the Estate of Zachariah Jalyn Lewis, Plaintiff, v. HAIER U.S.

1

APPLIANCE SOLUTIONS INC., GENERAL ELECTRIC, Defendant, Case No. 05-2022-CA-027044.

2. Plaintiff and Haier are the only parties to this case. On or about July 28, 2022, Haier was served with the Summons and Complaint through its agent for service of process.

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## AMOUNT IN CONTROVERSY

4. Plaintiff alleges that this is an action for damages for the wrongful death of Plaintiff's child, in excess of $30,000.00, exclusive of interest, costs and attorneys' fees. (Complaint, at ¶1). Plaintiff seeks damages under the Florida Wrongful Death Act for pain and suffering, and mental anguish of Plaintiff's decedent's survivors, medical bills, funeral expenses, loss of support and services, and all expenses incurred by the Estate of Zachariah Jalyn Lewis. *Id.* at ¶¶ 17-18.

5. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554.

6. Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action for the wrongful death of a child is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010). Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

7. Although Haier denies that Plaintiff is entitled to any monetary relief whatsoever, based on this information, Haier believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs. Haier's good faith belief is based upon

3

Plaintiff's allegations in the Complaint. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### DIVERSITY OF CITIZENSHIP

8. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

9. Plaintiff Tiffany Lanier alleges she is a resident of Brevard County, Florida, and was residing at 3625 Leferve Street, Cocoa, when the alleged incident giving rise to this action occurred. (Complaint at ¶¶ 5-6). Therefore, Plaintiff is a citizen of Florida.

10. Plaintiff alleges that Haier is a foreign for-profit corporation, licensed

4

and authorized to do business in the State of Florida. (Complaint at ¶ 3). Haier was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the state of Delaware, having its principal place of business outside the state of Florida, in Louisville, Kentucky.

11. Because Haier is a citizen of Delaware and Kentucky, and Plaintiff is a citizen of Florida, diversity of citizenship exists as is required by 28 U.S.C. § 1332(a).

### PROCEDURAL COMPLIANCE

12. This Notice of Removal is timely because it was filed within thirty days after July 28, 2022, the date Haier received the summons and a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

13. Removal to the Orlando Division of this Court is appropriate because the action was filed in Brevard County, Florida.

14. As required by 28 U.S.C. § 1446(a), true and correct copies of all of the process, pleadings, orders and papers on file with the state court in this action are attached as **Composite Exhibit A**.

15. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the state court clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Haier U.S. Appliance Solutions, Inc., dba GE Appliances, by and through its undersigned counsel, respectfully notices the removal of this action

now pending against it in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2022-CA-027044, to the United States District Court for the Middle District of Florida, Orlando Division.

        Respectfully submitted,

        Hill Ward Henderson, P.A.

        */s/ William J. Judge, Jr.*
        William J. Judge, Jr. (FBN: 426296)
        Carmen Cato *FBN:  1032609)
        Post Office Box 2231
        Tampa, FL  33601
        william.judge@hwhlaw.com
        carmen.cato@hwhlaw.com
        lori.williamson@hwhlaw.com
        debra.whitworth@hwhlaw.com
        torey.karlin@hwhlaw.com
        813-221-3900; 813-221-2900 (fax)
        Counsel for Defendant Haier U.S. Appliance
        Solutions Inc., d/b/a GE Appliances

## **CERTIFICATE OF SERVICE – CM/ECF**

I HEREBY CERTIFY that on August 16, 2022 the foregoing was electronically filed with the Clerk of the Court by utilizing the CM/ECF electronic filing system, which will send a notice of electronic filing to all counsel of record.

        */s/ William J. Judge, Jr.*
        William J. Judge, Jr.
        Hill Ward Henderson