IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.:

**TIFFANY LANIER, as**
**Personal Representative of the**
**Estate of Zachariah Jalyn Lewis,**

       Plaintiff,
VS.

**Haier U. S. Appliance Solutions Inc.,**
**General Electric**

       Defendant.
_____/

## COMPLAINT

Plaintiff, Tiffany Lanier as Personal Representative of The Estate of Zachariah Jalyn Lewis, deceased, for and on behalf of the Estate, herself, and any of the survivors entitled to recover herein, by and through undersigned Counsel, sues the Defendant, Haier U. S. Appliance Solutions, Inc., a foreign for-profit corporation, a foreign corporation, and alleges as follows:

## GENERAL ALLEGATIONS

1. These are actions for Damages within the jurisdiction of the Court, in excess of Thirty Thousand Dollars ($30,000.00) exclusive for the wrongful death of the Decedent, Zachariah Jalyn Lewis.

2. That the Plaintiff, Tiffany Lanier, is the biological Mother of the Decedent, Zachariah Jalyn Lewis, and is the duly appointed Personal Representative for the Estate of Zachariah Jalyn Lewis.

3. That Haier U. S. Appliance Solutions, Inc., is a foreign for-profit corporation, licensed and authorized to do business in the State of Florida.

4. That Haier U. S. Appliance Solutions, Inc., Manufacturers and Services all General Electric Appliances in the United States of America.

5. That of all times material the Plaintiff, was a tenant in possession of a single-family

residence when she resided with her minor son, Zachariah Jalyn Lewis.

6. That on May 7, 2020, the Decedent was the sole occupant of the residence located at 3625 Leferve Street, Cocoa, Brevard County, Florida, when a fire erupted from the stove, without human interaction, located in the kitchen at the residence and spread a fire and smoke throughout the house, which suffocated the Decedent, who was asleep in his bedroom.

7. That the stove is identified as follows:

   a. General Electric
   b. Model No: JBP30W0B1WW
   c. Serial No: XV1566430

8. That the Plaintiff, and the Decedent were foreseeable users of the stove in question.

9. That the stove malfunctioned during normal usage, and spontaneously caught fire, which spread primarily in the kitchen but spread smoke throughout the residence, suffocating the Decedent.

10. That the stove had been used earlier in the day, and had been turned off and was not in active use when the stove malfunctioned.

## COUNT I
## STRICT LIABILITY

11. That the Plaintiff realleges and reasserts the allegations contained in paragraph 1 through 10.

12. That said stove was defective and unreasonably dangerous, in as much as it malfunctioned during normal usage.

13. That the stove's control panel caught fire, melting the top of the control panel, which caused the surrounding walls and hood to catch fire, rendering the stove unreasonably dangerous.

14. That the Defendant had a duty to manufacture the stove in such a manner so as to render it safe to all foreseeable users.

15. That the Defendant breached its duty of care to manufacture a stove that was safe to use, and not unreasonably dangerous to all foreseeable users, and all others who may be within the zone of danger, such as other residents of the premises where the stove was installed.

16. That the Defendant's breach of its duty of care was the proximate and legal cause of the Decedents death, and damages suffered by all survivors.

17. That the Plaintiff, and the Decedent's biological father, Brian Lewis, are survivors

under the Florida Wrongful Death Act.

18. That as a result of the Defendant's breach of its duty to the Plaintiff, Decedent and Survivors, the following damages have been endured:

   a. Pain and suffering, and mental anguish of Plaintiff's decedents' survivors
   b. Medical bills
   c. Funeral expenses
   d. Loss of support and services
   e. All expenses incurred by the Estate of Zachariah Jalyn Lewis

**WHEREFORE**, the Plaintiff, Tiffany Lanier, as Personal Representative of The Estate of Zachariah Jalyn Lewis, deceased, demands judgment for damages in excess of $30,000.00, against the Defendant, and all other relief that the Court deems just and proper, and further Demands Trial by Jury.

## COUNT II
## NEGLIGENCE

19. That Plaintiff realleges paragraphs 1 – 10 of this Complaint as fully set forth herein.

20. That upon information and belief, the stove in question was installed as a used stove in the premises.

21. That the Defendant had a duty to provide to all foreseeable installs of the stove, new and used, explicit instructions for reinstallation of the stove once initially in a 4-conductor configuration.

22. That the Defendant breached its duty to provide such explicit instructions and is guilty of negligence.

23. That as a result of the Defendant's breach of said duty, the stove was not properly installed, resulting in a fire, which resulted in the death of the Decedent.

24. As a proximate legal cause of the Defendant's negligence, the Plaintiff's, and all survivors, have sustained the following damages:

   a. Funeral expenses
   b. Medical bills
   c. Mental pain and anguish
   d. Value of loss of support and services

**WHEREFORE**, the Plaintiff, Tiffany Lanier, as Personal Representative of the Estate of Zachariah Jayln Lewis, deceased, on behalf of the Estate and all Survivors Judgment for Damages which exceeds $30,000.00 against the Defendant Haier U. S. Appliance Solutions Inc., as damages and costs and such other relief that the Court deems just and proper. The Plaintiff further demands

Trial by Jury.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant via Service of process this ___ day of May, 2022.

**GREGORY A. CRUTCHFIELD**
Florida Bar No.: 0022690
**STEPHEN R. KOONS**
Of Counsel for the Firm
Florida Bar No.: 163069
**CRUTCHFIELD & PYLES, P.A.**
5575 S. Hwy U.S. 1
Rockledge, FL 32955
(321) 639-5900
Florida Bar No.: 00163069
gcrutchfield@crutchfieldlaw.com
personalinjury@crutchfieldlaw.com
kbennett@crutchfieldlaw.com
Attorney for the Plaintiff